## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**ERIC DEWAYNE WRIGHT, SR.**                                    **PLAINTIFF**
**ADC #177539**

**v.**                        **No: 4:25-cv-00140-DPM-PSH**

**DEXTER PAYNE,** *et al.*                                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Eric DeWayne Wright, Sr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 18, 2025, while incarcerated at the Arkansas Division of Correction's Randall Williams Correctional Facility (Doc. No. 2). Wright was granted leave to proceed *in forma pauperis* ("IFP") and directed to file an amended

complaint to clarify his claims (Doc. No. 5). He was cautioned that an amended complaint would render his original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed. *Id.* Wright subsequently filed an amended complaint (Doc. No. 8). The Court has screened Wright's amended complaint and recommends that his claims be dismissed for failure to state a claim upon which relief may be granted, as further described below.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.

2004). A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Wright sues Director Dexter Payne, Superintendent Deangelo Earl, Disciplinary Hearing Officer Justine Minor, and Principal G.B. Davis in their official capacities for unspecified relief.[1] Doc. No. 8 at 1-2, 7. He indicates that he received a disciplinary for missing a GED (high school equivalency) class, despite proof that he had taken college courses and was therefore ineligible for the GED program. *Id.* at 4. Wright claims that his due process rights were violated because his disciplinary was affirmed and the defendants did not perform a satisfactory investigation of his claims. *Id.* at 4-6. He claims he became ineligible for a parole as a result. *Id.* at 5. Wright fails to describe a viable claim for relief for the reasons described below.

---

[1] In his original complaint, Wright sought "punitive and treble damages." Doc. No. 2 at 1-2, 7.

First, Wright sues defendants in their official capacities only for unspecified relief.  Doc. No. 8 at 2, 6-7.  To the extent he seeks money damages, his claims are barred by sovereign immunity.  *Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989)*; Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989).  And Wright has not requested any specific injunctive relief.  *See Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir. 2005) (the doctrine of sovereign immunity does not apply to a request for injunctive relief); 18 U.S.C. § 3626(a)(1) (the Prison Litigation Reform Act requires that injunctions with respect to prison conditions be narrowly tailored).

Second, Wright has not described a viable due process claim.  Wright cannot maintain a due process claim based on the disciplinary process unless he can "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003).  Wright was not deprived of life or property; accordingly, he must identify the deprivation of a liberty interest sufficient to sustain a due process challenge to his prison disciplinary proceeding. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847.  "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with

those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). Wright does not describe the punishment he received as a result of the disciplinary conviction he received. He only states that he became ineligible for parole as a result. Doc. No. 8 at 5. Inmates do not have a liberty interest in the possibility of parole. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011). Wright therefore fails to describe a viable due process claim.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1.    Wright's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2.    Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g) for future jurists.

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 8th day of April, 2025.

_____
UNITED STATES MAGISTRATE JUDGE